Pjerin PRENDI, Petitioner,

v.

Alberto GONZALES, Attorney General, Respondent.

No. 06–4826–ag.

United States Court of Appeals, Second Circuit.

May 8, 2007.

74

Peter E. Torres, New York, NY, for Petitioner.

Edmund A. Booth, Jr., Acting United States Attorney, Melissa S. Mundell, Assistant United States Attorney, Southern District of Georgia, Savannah, GA, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Pjerin Prendi, a native and citizen of Albania, seeks review of a September 22, 2006, order of the BIA affirming the March 18, 2005, decision of Immigration Judge ("IJ") Annette S. Elstein denying Prendi's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pjerin Prendi*, No. A 79 419 210 (B.I.A. Sept. 22, 2006), *aff'g* No. A 79 419 210 (Immig. Ct. N.Y. City Mar. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we cannot review Prendi's claim for relief under the CAT, as he failed to raise it before the BIA and the government objects to his failure to exhaust that claim. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122–25 (2d Cir. 2007). We also decline to review Prendi's asylum claim, because he failed to challenge the IJ's finding that his application was untimely either in his appeal to the BIA or in his petition for review before this Court. *Id.* We further decline to review the BIA's denial of his withholding of removal claim, since Prendi has waived

that claim by failing to raise it in his brief on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Nevertheless, we note that even if we were to review his asylum and withholding claims, they would fail on the merits. The agency's finding that Prendi failed to establish either past persecution or a well-founded fear of persecution is supported by substantial evidence. The IJ's decision indicates that she considered in the aggregate the harms that Prendi alleged. *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir.2005). The IJ discussed the incident at the voting center as well as the threats to Prendi before finding that he "has not demonstrated anything that reaches the level of past persecution," a conclusion with which we agree. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005) (noting that an IJ must consider all the evidence in the record that has probative value).

Further, Prendi failed to present "reliable, specific, and supporting evidence" to establish the objective reasonableness of his fear of future persecution. *Cordero–Trejo v. I.N.S.*, 40 F.3d 482, 491 (1st Cir. 1994). Nothing in the record indicates that the Socialist Party continued to threaten Prendi or his family in Albania. While Prendi conclusorily asserted that "his life is in danger" if he returned to Albania, he neither testified nor presented any evidence that Democratic Party activists are persecuted in Albania, and he does not point to anything in the record to support that contention. Therefore, the BIA properly found that Prendi's fear of persecution was not objectively reasonable. Since Prendi's asylum claims fails, his withholding claim, which was based on the same grounds, necessarily fails. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.